UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARRETT,<br><br>    Plaintiff,<br><br>v.<br><br>STU SHERMAN, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00614-AWI-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement and Standard**

Plaintiff James Garrett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 20, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") where the alleged events in the complaint occurred.  Plaintiff names the following defendants:  (1) Warden Stu Sherman; (2) CSATF medical department; (3) Dr. Khankohova; (4) Dr. Igbinosa; and (5) CSATF.

Plaintiff alleges that contracted Valley Fever at Pleasant Valley State Prison.  He was treated with the brand-name medicine Dyflukin.  Plaintiff now has been forced to transfer to CSATF where he has been given a new medication for Valley Fever without prior consultation by a doctor.  Plaintiff contends that his recent pains and numbness in both arms and legs began following the switch to a generic brand of medication.

**III.    Discussion**

    **1.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the

2

>Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link any individual defendant to a constitutional violation. Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

### 2. Eleventh Amendment Immunity – CSATF

Plaintiff names CSATF as a defendant. Plaintiff is advised that he may not sustain an action against a state prison. The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1066, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012). As CSATF is a part of the California Department of Corrections and Rehabilitation, which is a state agency, it is entitled to Eleventh Amendment immunity from suit.

### 3. Supervisory Liability

To the extent Plaintiff seeks to impose liability against any defendants based solely on their roles as supervisors, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr.

and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citation and quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

### 4.  Eighth Amendment – Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105 06. "[A]

complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).  Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, Plaintiff generally alleges that an unidentified defendant or defendants changed his prescription medication to a generic brand, which has caused him to suffer pains and numbness in his hands and legs.  Plaintiff does not link any specific defendant to his claim of deliberate indifference. If Plaintiff elects to amend his complaint, he must include factual allegations demonstrating that individual defendants were deliberately indifferent to a specific medical need.  Plaintiff should identify what happened and who was involved.  To the extent Plaintiff merely disagrees with the form of treatment, this is not sufficient to state a claim for deliberate indifference.  Sanchez, 891 F.2d at 242.

**IV.   Conclusion and Order**

Plaintiff has failed to state a cognizable claim against any individual defendant.  The Court will grant Plaintiff an opportunity to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey</u>, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **June 1, 2015**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE