UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARRETT, | ) Case No.: 1:15-cv-00614-AWI-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) |
| STU SHERMAN, et al., | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |

**I.    Screening Requirement and Standard**

Plaintiff James Garrett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 1, 2015, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on June 24, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") where the events alleged in the complaint occurred.  Plaintiff names the following defendants:  (1) Warden Stu Sherman; (2) Chief Medical Executive G. Ugwueze; (3) Dr. Khankohova; and (4) Dr. Igbinosa.

Plaintiff contracted Valley Fever at Pleasant Valley State Prison, where he was treated with the brand-name medicine "Dyflukin" and also temporarily issued vitamins for energy.  On September 9, 2014, Plaintiff was transferred to CSATF.  Upon arrival, Dr. Khankohova switched Plaintiff's medication to a generic brand of fluconazole tablets without any prior consultation.  Dr. Igbinosa allegedly continued this treatment.  Plaintiff alleges that he developed side effects of numbness in his hands, arms and feet.

On or about November 30, 2014, Plaintiff complained of side effects that started with the generic brand replacement medicine for Valley Fever. Plaintiff alleges that Drs. Khankohova and Igbinosa stated that they were following CDCR's treatment plan for Valley Fever.

Plaintiff requests injunctive relief and curative treatment.

### III. Discussion

#### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link Warden Stu Sherman and Chief Medical Executive G. Ugwueze to any constitutional violation. Rather, Plaintiff is attempting to impose liability against Defendants Sherman and Ugwueze based on their role in the "chain of command." (ECF No. 10 at 3.) To the extent Plaintiff is attempting to impose liability against Defendants Sherman and Ugwueze based solely on their supervisory roles, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the

supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citation and quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's generalized reference to CDCR's treatment plan for Valley Fever is not sufficient to impose liability against Warden Sherman and Chief Medical Executive Ugwueze. At best, Plaintiff has alleged a money-saving policy to substitute generic brand medications for name brand medications of the same type. Plaintiff has not established, nor can he, that a substitution for generic brands is a repudiation of any constitutional rights.

**2. Eighth Amendment – Deliberate Indifference to Serious Medical Needs**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105 06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).  Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, Plaintiff alleges that Defendants Khankohova and Igbinosa are responsible for prescribing him generic-brand medication for his Valley Fever.  Plaintiff also suggests that Defendant Ugwueze failed to approve of certain medications and treatments.  Plaintiff's allegations do not rise to the level of a constitutional violation.  As indicated in exhibits attached to his complaint, the course of medication prescribed for Plaintiff's Valley Fever was not changed.  While at Pleasant Valley State Prison, Plaintiff had been taking Diflucan, which is the brand name for fluconazole.  (ECF No. 10 at 45, 47.)  When Plaintiff arrived at CSATF, he was merely prescribed the generic brand fluconazole.  To the extent Plaintiff disagrees with the form of treatment, this is not sufficient to state a claim for deliberate indifference.  Sanchez, 891 F.2d at 242.

Insofar as Plaintiff alleges that Defendants Khankohova and Igbinosa were deliberately indifferent to his complaints of side effects, such as numbness, Plaintiff has not stated an Eighth Amendment claim.  Plaintiff fails to allege sufficient facts to demonstrate a serious medical need or that Defendants disregarded an excessive risk to Plaintiff's health or safety.  Jett, 439 F.3d at 1096; Farmer, 511 U.S. at 837.

Further, Plaintiff's allegations related to vitamins, energy drinks, lotion, or "wellness aides" also do not give rise to an Eighth Amendment claim.  Attachments to the amended complaint indicate

5

that there was no clinical indication for vitamins or energy drinks. (ECF No. 10 at 61.) Plaintiff's mere disagreement with the appropriate method of treatment is not sufficient. Id.

To the extent Plaintiff is complaining about his placement at CSATF after he contracted Valley Fever, he has not stated a cognizable claim. There is no indication that any of the CSATF defendants could have prevented Plaintiff's initial contraction of Valley Fever while at another prison. See, e.g., Romero v. Yates, No. 1:08:-cv-00669-LJO-MJS (PC), 2011 WL 1899826, * 2 (E.D. Cal. May 19, 2011) (prisoner failed to state an Eighth Amendment failure to protect claim if allegations were that he already had been infected upon his arrival at endemic area prison because there was nothing prison officials could have done). Further, there are no allegations demonstrating that Plaintiff's subsequent placement at CSATF resulted in a relapse or in any greater risk to his health or safety as he had already contracted Valley Fever. Selvick v. Brazelton, No. 1:14-cv-00363-LJO-SAB, 2014 WL 4960522, at *8 (E.D. Cal. Oct. 3, 2014) (findings and recommendations discussing that allegations of "transferring [prisoner] back into the endemic area knowing that being exposed to Valley Fever would cause a relapse could state a cognizable claim"); Hines v. Youssef, No. 1:13-cv-00357-AWI-JL, 2015 WL 164215, at *4 (E.D. Cal. Jan. 13, 2015) (plaintiff failed to state Eighth Amendment claim where he alleged no facts to indicate that the risk of exposure to the cocci spores at CSATF is any higher than in the surrounding community).

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983. In an abundance of caution, Plaintiff will be given a final opportunity to cure the deficiencies identified by the Court. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure state a cognizable section 1983 claim.

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. <u>If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:  **February 1, 2016**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE