UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARRETT,<br><br>           Plaintiff,<br><br>      v.<br><br>STU SHERMAN, et al.,<br><br>           Defendants. | Case No.: 1:15-cv-00614-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br>(ECF No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATION**

**I.     Background**

Plaintiff James Garrett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 20, 2015.

On June 1, 2016, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 7.) Plaintiff timely filed a first amended complaint on June 24, 2015. (ECF No. 10.)

On February 1, 2016, the Court dismissed Plaintiff's first amended complaint, with leave to amend. (ECF No. 11.) On February 24, 2016, Plaintiff filed a motion for preliminary injunction. (ECF No. 12.) Shortly thereafter, on April 28, 2016, Plaintiff notified the Court of his change of address, and that he has been transferred to the California Men's Colony, in San Luis Obispo, California.

Plaintiff's motion for a preliminary injunction is currently before the Court.

**II.     Motion for Preliminary Injunction**

In Plaintiff's motion for preliminary injunction, he states that he is dealing with the intentional, delayed process of exhausting his administrative remedies and inmate appeals. He states that he attaches exhibits pertaining to the motion. These exhibits largely consist of inmate appeals and responses. Plaintiff further states that his amended section 1983 complaint is attached to his motion, but there is no such amended complaint attached.[1]

Plaintiff states that he was subjected to medical abuse, discrimination, and ongoing constitutional violations at the California Substance Abuse Treatment Facility ("CSATF"). Plaintiff gives a "brief history" of these matters in support of his motion. He states that he arrived at CSATF in September 2014, under the care of Dr. Khankohova. Dr. Khankohova switched Plaintiff's medication from Dyflukin, a brand name medication for the treatment of Valley Fever, to a generic brand of fluconazole tablets. This saves the CDCR funds. Plaintiff had been prescribed Dyflukin since his contraction of Valley Fever in 2011. Within one week, Plaintiff was complaining of side-effects from the medication switch, which was done without prior consultation. Dr. Igbinosa, Plaintiff's primary care physician, also does this regularly. Plaintiff requested to receive an MRI on his body to reveal the side-effects and continued numbness in his hands, legs, feet, arms, and his private areas, but he did not receive an MRI. Plaintiff argues that these are constitutional violations by both doctors, including the continued delay or denial of medical treatment.

Plaintiff also states that he has lost extreme amounts of weight since his transfer to CSATF, and has continued joint pains, disoriented moments, headaches, occasional night sweats, and fatigue. Dr. Igbinosa has not prescribed any supplements, such as energy drinks, to gain or sustain weight. Nor has the doctor discussed pain management with Plaintiff. The doctor did make appointments with a mental health clinician for Plaintiff.

///

---

[1]     By a separate order, the Court will require Plaintiff to file a second amended complaint, or a voluntary dismissal of this action, in compliance with its previous screening order (ECF No. 11). Although Plaintiff makes some allegations about his medical treatment at CSATF in this motion, it does not appear these allegations were intended to be Plaintiff's amended complaint, and it appears he intended to submit a separate document with amended complaint allegations. As noted, the Court did not find any such attachment in Plaintiff's filing.

1  Plaintiff further asserts that Dr. Igbinosa has raised her voice at him, refused to review a study he attempted to provide her about a cure for Valley Fever, and made false statements in medical reports concerning Plaintiff. Plaintiff has filed a complaint with the State Medical Board of California. Plaintiff also asserts that on October 5, 2015, he fell after Dr. Igbinosa instructed him to walk to his unit without any mobility aids, and she set an appointment with a physical therapist. Dr. Igbinosa also informed Plaintiff at a chronic care appointment that his Hepatitis-C reoccurred at a score of 1.27, but because this is below 3.25, the qualification score, it can't be helped.

### A.    Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

### B. Analysis

Although not entirely clear, it appears Plaintiff seeks a preliminary injunction against the staff at CSATF related to his medical treatment and possibly regarding the administrative appeals process. However, Plaintiff has not met the requirements for this relief.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

In this matter, Plaintiff's most-recent amended complaint has been screened and the Court determined that he has not yet stated any cognizable claims. No defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over the prison officials at CSATF, and it cannot issue an order requiring them to take any action.

Further, Plaintiff is now housed at the California Men's Colony, and is no longer incarcerated at CSATF. As a result, his claim for injunctive relief against the medical staff or officials employed at CSATF is moot. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

### III. Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for a preliminary injunction (ECF No. 12), be DENIED.

///

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 15, 2016**           /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE